IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Solvay USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Finoric LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF SOLVAY USA, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Solvay USA, Inc. ("Plaintiff" or "Solvay"), by and through its undersigned counsel, files this Complaint for Patent Infringement ("Complaint") against Defendant Finoric LLC ("Finoric" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, including 35 U.S.C. § 281.

## THE PARTIES

2. Solvay is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 504 Carnegie Center, Princeton, New Jersey 08540. Solvay is a United States affiliate of the Solvay Group, a multi-specialty global chemical company providing products and solutions used in airplanes, cars, smart and medical devices, batteries, mineral and oil extraction, and many other applications. It supplies oilfield chemicals including drilling fluids, cementing additives, stimulation additives, and production chemicals.

3. On information and belief, Finoric is a limited liability company organized and existing under the laws of the state of Texas, having a principal place of business at 8115 Loop 540, Beasley, Texas 77417.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

5.      This Court has personal jurisdiction over Defendant because, on information and belief, it has regularly and systematically transacted business within the State of Texas and this District.  In addition, this Court has personal jurisdiction over Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including without limitation its making, using, selling, and/or offering to sell infringing products within the State of Texas and this District.  This Court also has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold, and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold, and/or offered for sale within the State of Texas and this District.  Finally, this Court has personal jurisdiction over Defendant because it is a limited liability company registered under the laws of Texas and has at least one office in Texas.

6.      Venue is proper in this District pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).  On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products, and/or by conducting other business in this judicial district.  Defendant is also registered under the laws of Texas and has at least one office in this District.  Furthermore, Plaintiff sells products in this District, and has been harmed by Defendant's conduct, business transactions, and sales in this District.

**THE PATENT-IN-SUIT**

7. United States Patent No. 6,060,435 ("the '435 patent") relates to a solubilized and regenerating iron reducing additive. The iron reducing additive disclosed and claimed in the '435 patent consists of three basic components—an iron reducing agent, a regenerating agent, and a solubility facilitator (e.g., ammonia) for solubilizing the former two components stably together. The use of this additive is effective in preventing the formation of ferric iron-containing compounds in aqueous acidic compounds, such as those that might be present when acidizing subterranean formations.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,060,435**

8. Solvay incorporates by reference the preceding allegations of its Complaint.

9. The '435 patent, entitled "Solubilized and Regenerating Iron Reducing Additive," issued on May 9, 2000 to inventors Ricky N. Beard and Edward F. Vinson, both of Snyder, Texas. The '435 patent issued from United States Patent Application No. 08/906,182 filed on August 4, 1997. It claims the benefit of United States Provisional Patent Application No. 60/029,824 filed October 28, 1996. Solvay owns by assignment the entire right, title, and interest in and to the '435 patent. Attached hereto as Exhibit 1 is a true and correct copy of the '435 patent.

10. On information and belief, Defendant directly infringed and is currently infringing at least claim 1 of the '435 patent by, among other things, making, using, selling, offering to sell, and/or importing within this District and/or elsewhere in the United States, without authority, its BME-Iron Reducer product. A printout of the webpage for Defendant's BME-Iron Reducer product is attached as Exhibit 2. An exemplary claim chart comparing asserted claim 1 of the '435 patent to the accused BME-Iron Reducer product is attached as Exhibit 3.

11. On information and belief, Defendant has been aware of the '435 patent since at least May 23, 2017, when it received a copy of a letter from counsel for Solvay providing notice of infringement.

12. On information and belief, Defendant contributes to the direct infringement of at least claim 1 of the '435 patent, including the infringing routine use of the accused BME-Iron Reducer product by users. On information and belief, Defendant has sold, offered for sale and/or imported within the United States the accused BME-Iron Reducer product for use according to claim 1. On information and belief, the accused BME-Iron Reducer product has no substantial noninfringing use, and constitutes a material part of the patented invention. On information and belief, Defendant is aware that the use of the accused BME-Iron Reducer may be covered by one or more claims of the '435 patent or may satisfy a claim of the '435 patent under the doctrine of equivalents. On information and belief, the use of the BME-Iron Reducer product infringes at least claim 1 of the '435 patent.

13. Defendant has committed these acts of direct and indirect infringement with knowledge of at least claim 1 of the '435 patent and thus has acted recklessly and willfully with regard to Solvay's rights in the '435 patent.

14. As a result of Defendants' direct, indirect and willful infringement of at least claim 1 of the '435 patent, Solvay has suffered and is continuing to suffer monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with enhanced damages, attorneys' fees, interest, and costs.

15. Solvay has been irreparably harmed by Defendant's acts of infringement, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court. Solvay has no adequate remedy at law and is entitled to a

preliminary and permanent injunction against Defendant and the accused BME-Iron Reducer product.

## JURY DEMAND

16. Solvay hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

17. Solvay respectfully requests that the Court find in its favor and against Defendant, and that the Court grants Plaintiff the following relief:

    a.    A judgment that Defendant has infringed and is infringing, directly and indirectly, the '435 patent;

    b.    An award of compensation to Solvay for all damages caused by Defendant's infringement of the '435 patent;

    c.    Enhancement of damages up to three times their amount under 35 U.S.C. § 284;

    d.    An award to Solvay of pre- and post-judgment interests, together with all costs and expenses;

    e.    An award to Solvay of its reasonable attorneys' fees under 35 U.S.C. § 285;

    f.    A preliminary and/or permanent injunction enjoining and restraining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that falls within the scope of any claim of the '435 patent; and

g. Such other relief as this Court may deem just and proper.

Dated: June 20, 2017

Respectfully submitted,

SIDLEY AUSTIN LLP

 /s/ Tracy N. LeRoy
Tracy N. LeRoy (Attorney in Charge)
State Bar No. 24062847
S. D. Texas Bar No. 860752
SIDLEY AUSTIN LLP
1000 Louisiana Street, Suite 6000
Houston, TX 77002
Telephone:  (713) 495-4500
Facsimile:   (713) 495-7799
Email:  tleroy@sidley.com


Ching-Lee Fukuda
(*pro hac vice* application to be filed)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 839-5300
Email:  clfukuda@sidley.com


Michael R. Franzinger
(*pro hac vice* application to be filed)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone:  (202) 736-8000
Email:  mfranzinger@sidley.com

*Counsel for Plaintiff Solvay USA, Inc.*

ACTIVE 222336567